UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MUSE JIBRIL MUSE,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, San Diego Field Office Director, U.S. Immigration & Customs Enforcement (ICE); DAVID J. VENTURELLA, Acting Director, ICE; MARKWAYNE MULLEN, U.S. Secretary of Homeland Security; TODD BLANCHE, Attorney General of the United States,

Respondents.

Case No.: 3:26-cv-06506-LEK-AHG

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS**

Before this Court is Petitioner Muse Jibril Muse's ("Petitioner") Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days ("Petition"), filed on November 16, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher J. LaRose, Senior Warden, Otay Mesa Detention Center; Patrick Divver, San Diego Field Office Director, U.S. Immigration & Customs Enforcement ("ICE"); David J. Venturella, Acting Director, ICE; Markwayne Mullen, U.S. Secretary of Homeland Security; and Todd Blanche, Attorney General of the United States (collectively "Respondents"), filed a response to the Petition ("Response") on November 23, 2026. [Dkt. no. 6.] Also on November 23, 2026, Petitioner filed a traverse in support of the Petition ("Traverse"). [Dkt. no. 7.] Although the Petition requests a an

expedited hearing on the Petition, see Petition at pg. 1, this Court concludes that oral argument is not necessary.

## BACKGROUND

Petitioner, a native and citizen of Haiti, entered the United States on June 8, 2023. See Petition at ¶¶ 7, 16; see also Response, Exh. 1 (U.S. Department of Homeland Security Record of Deportable/Inadmissible Alien, Form I-213, dated 11/16/26 ("Form I-213")) at 1. Petitioner was immediately arrested, detained, and placed in removal proceedings, but he was later released on his own recognizance. See Petition at ¶¶ 16-17; id., Exh. (ICE Order of Release on Recognizance, ICE Form I-220A, dated 7/18/23 ("ROR Order")). Petitioner's release was subject to various conditions, including, *inter alia*, attending immigration court hearings and reporting to ICE upon request, but Petitioner was not subject to any form of electronic monitoring. See Petition at ¶ 17; id., Exh. (ROR Order) at 1.

In August 2023, Petitioner filed an asylum application. The hearing on his application is currently scheduled for June 29, 2027. Petitioner's most recent ICE check-in occurred in September 2026. See Petition at ¶ 18.

On November 16, 2026, while Petitioner was driving in San Diego, three ICE vehicles surrounded his vehicle and forced him to stop. Petitioner requested that the officers allow him to follow them to the location where they intended to take him. Petitioner followed the officers to the federal building, where he was arrested. See id. at ¶ 19. Petitioner asserts that Respondents provided no notice explaining why his release status was being revoked. [Id.] As of the filing of the Petition, Petitioner was detained at the Otay Mesa Detention Center. See id. at ¶ 7.

Petitioner's primary argument is that his re-detention violates his due process rights. [Id. at pgs. 11-13.] Petitioner also argues that Respondents' decision to detain him violated the Administrative Procedure Act ("APA"), Title 5 United States Code Section 706(2)(A), because it was not in accordance with Title 8 United States

Code Section 1226(b) and Title 8 Code of Federal Regulations 1236.1(c)(9). [Id. at pgs. 13-15.] Petitioner alleges he is entitled to, *inter alia*, immediate release. See id. at pg. 16.

Respondents acknowledge that the Ninth Circuit Court of Appeals recently "held and clarified that unadmitted aliens present in the interior of the United States are subject to 8 U.S.C. § 1226 and not subject to 8 U.S.C. § 1225." See Response at 1-2; see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). Respondents therefore admit that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 2.] Respondents argue that Petitioner is lawfully detained under Section 1226(a), and they emphasize that Petitioner has the ability to request a bond hearing in the immigration court. See id. However, Respondents "acknowledge[] that Courts in this District have repeatedly granted release in previous cases that are not materially distinguishable from the present petition." [Id.] Accordingly, Respondents "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id.]

## DISCUSSION

Because there is no dispute that the discretionary detention procedures of Section 1226(a) govern Petitioner's detention, this Court turns to the issue of whether Petitioner is entitled to immediate release. While Respondents request that this Court decline to address, *inter alia*, Petitioner's due process arguments, see id. at 2 n.1, they do not assert that this Court should deny Petitioner's request for immediate release. This Court construes Respondents' non-opposition to Petitioner's request for immediate release as a concession that Petitioner's detention violates his due process rights.

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a

protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[1]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his parole was being revoked before he was summarily detained on November 16, 2026. See Petition at ¶ 19. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's detention. Providing Petitioner a bond hearing would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[2]

Petitioner has also requested that this Court award him attorney's fees and costs. See id. at pg. 17. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Muse Jibril Muse's Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days, filed November 16, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as

---

[1] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[2] In light of this Court's determination that Petitioner is entitled to immediate release, this Court need not address Petitioner's APA claim. See Petition at pgs. 13-15.

Respondents are ORDERED to release Petitioner from custody **no later than twenty-four hours from the filing of this Order** under the same conditions that existed immediately prior to Petitioner's detention on November 16, 2026.

Further, Respondents are ENJOINED AND RESTRAINED from: re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified; placing Petitioner in an Alternatives to Detention program; and placing an ankle monitor, or other similar device, on Petitioner upon his release. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The Clerk's Office is DIRECTED to enter judgment and close this case on **December 8, 2026**, unless Petitioner files a notice informing this Court that Respondents failed to comply with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 24, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**MUSE JIBRIL MUSE VS. CHRISTOPHER J. LAROSE ET AL.; CASE NO. 3:26-CV-06506-LEK-AHG; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS**